UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICKI CAROL BRYANT,

    *Plaintiff*,

v.

PAT TAYLOR,

    *Defendant.*

Civil Action No. 16-1037 (RDM)

## MEMORANDUM OPINION

This race and age discrimination case is before the Court on Defendant's Motion to Dismiss (Dkt. 5) and Plaintiff's Motion for Leave to Amend (Dkt. 10). For the reasons explained below, Defendant's motion is **GRANTED** and Plaintiff's motion is **DENIED**.

### I.  BACKGROUND

Defendant Pat Taylor is the President of Pat Taylor and Associates, Inc., a "job recruitment and placement agency for legal professionals." Dkt. 5-1 at 5–6. Plaintiff Vicki Carol Bryant, proceeding *pro se*, is an attorney who was seeking work. Dkt. 1 at 6 (Compl.).

On February 10, 2015, Bryant responded to one of Taylor's agency's job postings, leading to a telephone interview with Taylor. *Id.*; *see id.* at 64. Although Bryant included a resume in her initial application, *id.* at 6, that resume was organized by type of work rather than by year, *see id.* at 66–69, and stated that a "[m]ore [e]xtensive [c]urriculum [v]itae" was "available upon request," *id.* at 69. During the interview, Taylor asked Bryant for a "chronological resume listing *every* legal job" she had held—a request that Bryant now characterizes as "unreasonable." *Id.* at 6. Bryant nonetheless prepared such a resume and submitted it to Taylor. *Id.*; *see id.* at 72–78, 87. Bryant was not selected for that particular job.

*Id.* at 6.  Bryant later submitted her resume to Taylor's agency in response to other job postings, but "never received any replies."  *Id.* at 6.

Bryant does not allege that these interactions with Taylor's agency involved any discriminatory intent.  *See* Dkt. 11 at 3.  Rather, she says, the initial telephone interview is relevant to this case because it gave Taylor an opportunity to infer from Bryant's voice that Bryant is African American.  *See id*. at 4, 5.  According to Bryant, Taylor also could have inferred Bryant's age and race by inspecting Bryant's various resumes, which describe the law degree she received from Howard University in 1985.  *Id.* at 3; *see* Dkt. 1 at 69.

What Bryant *does* challenge in this case is her nonselection for a position that Taylor's agency posted on October 20, 2015, which "s[ought] Portuguese-fluent attorneys for a review/translation project."  Dkt. 1 at 50; *see id.* at 6.  Bryant again submitted her resume (although not the chronological one that Taylor earlier had requested).  *Id.* at 6; *see id.* at 61–63. Bryant's submission prompted the following email exchange:  On October 20, 2015, Bryant wrote to Taylor:

> Good Afternoon,
>
> I am fluent in Portuguese and have attached my docreview resume.
>
> Regards,
> Vicki C. Bryant, Esq.

*Id.* at 50.  Eleven minutes later, Taylor replied:

> Thank you for your interest in Pat Taylor and Associates, Inc.  We will review your resume and *if it meets our client's requirements*, *we will invite you in for an interview*[.]

*Id.* at 51 (emphasis added).  Six days later, on October 26, 2015, at 5:09 p.m., Bryant followed up:

> Good Evening, Ms. Taylor:
>
> I received a response from you a week or so ago that *you had submitted my resume for this project*. Have you an update?
>
> Regards,
> Vicki C. Bryant, Esq.

*Id.* at 53 (emphasis added). At 5:15 p.m. that day (six minutes later), Taylor responded:

> Hi Vicki
>
> It was not our agency sorry
>
> Pat Taylor

*Id.* at 54. Bryant alleges that this statement was "a blatant lie." *Id.* at 7. At 5:29 p.m. (fourteen minutes later), Bryant wrote back:

> Dear Ms. Taylor:
>
> This is the email response that I received from you. [Taylor's earlier email of October 20, 2015, was reprinted below.] Was my resume deemed appropriate? I would appreciate knowing whether or not you deemed it appropriate and why. Thank you very much for your consideration.
>
> Thank you very much.
>
> Regards,
> Vicki C. Bryant, Esq.

*Id.* at 57. Bryant did not receive an immediate response. At 11:49 p.m., she wrote again:

> Dear Ms. Taylor:
>
> Yes, you have confirmed what I had heard about your agency. Thank you.
>
> Regards,
> Vicki C. Bryant, Esq.

*Id.* at 59. By this comment, Bryant says that she "meant that other African-Americans from 20 years before, [her]self as well, had complained to [her] about arbitrary requests from [Taylor's] agency for the African-Americans' law school transcripts, [implying] that passage of the bar was

3

not good enough." *Id.* at 7.  Bryant also alleges that "[o]ther similarly situated agencies in Washington, D.C., do not request law school transcripts for temporary contract assignments," *id.*, but Bryant nowhere alleges that Taylor requested her law school transcript in response to any of the submissions described in the complaint.

After the Equal Employment Opportunity Commission ("EEOC") declined to bring a case against Taylor's agency, *see id.* at 36, Bryant filed this action against Taylor personally for (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964 and (2) age discrimination in violation of the Age Discrimination in Employment Act of 1967, *id.* at 4–5. Taylor has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that "individual[s]" cannot be held liable under the applicable statutes and that, in any event, Bryant has failed to allege facts sufficient to state a claim for discrimination.  Dkt. 5 at 1.  Bryant has moved for leave to amend her complaint.  Dkt. 10.

## II.  ANALYSIS

### A.  Factual Sufficiency of the Complaint

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This test is "context-specific," but the key inquiry is whether the alleged facts "permit the court to infer more than the *mere possibility* of misconduct." *Id.* at 679 (emphasis added); *see also id.* at 682 (applying this standard to a discrimination claim). Particularly where the defendant's allegedly unlawful conduct has "an obvious alternative explanation," the complaint must allege facts that "plausibly suggest[]"—and are "not merely

consistent with"—the defendant's liability. *Twombly*, 550 U.S. at 557, 567; *accord Iqbal*, 556 U.S. at 682; *see also Iqbal*, 556 U.S. at 680 (explaining that the complaint in *Twombly* failed because the defendants' alleged conduct "was not only compatible with, but indeed was more likely explained by, lawful . . . free-market behavior").

Here, Bryant emphasizes that the "crux" of her case is that she believes Taylor "lie[d]" to her when Taylor wrote "that it was not [Taylor's] agency to which Bryant had applied," "thereby [giving rise to] an inference . . . of unlawful discrimination." Dkt. 11 at 8–9; *see also, e.g.*, *id.* at 3 ("The central issue of the instant case is that defendant Taylor lied to plaintiff Bryant about the application she had submitted . . . [by] stating that it had not been her agency that had posted the solicitation . . . ."); Dkt. 19 at 1–2 (same); Dkt. 1 at 5 (Compl.) (alleging that Taylor "lied to [Bryant] and stated that it had not been her agency to which [Bryant] had applied"); *id.* at 7–8 ("I maintain that . . . Taylor's lies manifest her intention to discriminate against me based upon my age and my race.").

But this allegedly discriminatory conduct has an "obvious alternative explanation"—that is, that there was a misunderstanding in the course of the parties' brief email conversation.[1] The initial response from Taylor's agency on October 20, 2015, stated that the agency would review Bryant's resume and—"*if it meets [the] client's requirements*"—would invite her for an interview. Dkt. 1 at 51 (emphasis added). Six days later, Bryant informed Taylor that she had received a response stating that Taylor's agency "had *submitted [her] resume*" for the project. *Id.* at 53 (emphasis added). But Taylor's initial email said no such thing. *See id.* at 51. It was

---

[1] The emails are quoted in and attached to Bryant's complaint, *see* Dkt. 1 at 6–7, 50–59, and their content is undisputed. The Court may therefore consider the actual text of the exchange in deciding Taylor's motion to dismiss. *See Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

5

therefore understandable that Taylor quickly replied that "it was not [her] agency" that had submitted Bryant's resume for a project. *Id.* at 54. Although Bryant understood this email to assert that Bryant had never applied for the position at all (which, indeed, would be a strange thing to assert), that is not what the email says. The email conversation, accordingly, is "not only compatible with, but indeed was more likely explained by," this simple misunderstanding. *Iqbal*, 556 U.S. at 680. Bryant has therefore alleged no facts to suggest "more than the mere possibility of misconduct," *id.* at 679, if she has even alleged the "possibility of misconduct" at all.

Bryant also alleges that Taylor "blatant[ly] lie[d]" to the EEOC investigator by asserting that Bryant's applications "had errors and lacked attention to detail" and that "attention to detail" was a requirement for the attorney positions to which Bryant had applied. Dkt. 1 at 7. To the extent that Bryant means to allege that it was a "lie" for Taylor to assert that her applications contained errors, that allegation is belied by the applications themselves, which Bryant attaches to her complaint. *See, e.g.*, *id.* at 61 (using the word "businessl" on the first page of her resume); *id.* at 62 (misspelling "McLean, Virginia" as "McClean"); *id.* at 63 (using the word "agencyh's"); *id.* at 66 (listing her dates of employment as "2988–1992"); *id.* at 68 (describing her work with the "Americans with Disabilities Act of 19909"). And, to the extent that Bryant means to allege that Taylor misrepresented the reason why Bryant was not selected, the allegation that Taylor "lie[d]" constitutes the type of "naked assertion" that the Court need not credit in resolving a motion to dismiss. *See Twombly*, 550 U.S. at 557.

The Court will **GRANT** Taylor's motion to dismiss the complaint.

**B.**     **Leave to Amend**

Bryant also seeks leave to file a proposed amended complaint, *see* Dkt. 10, which would name Taylor's agency as defendant, rather than Taylor herself, *see* Dkt. 10-1 at 2, and would rephrase her original allegations without altering their substance, *compare* Dkt. 1 at 6–7 *with* Dkt. 10-1 at 5, 7–8.  Although "[t]he [C]ourt should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court "may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss," *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).

Here, Bryant's proposed amendment is futile.  The new complaint may name the correct defendant, but it remedies none of the above-described factual deficiencies, *see* Dkt. 10-1 at 5, 7–8; *see also* Dkt. 19, even after Taylor brought those deficiencies to Bryant's attention in Taylor's motion to dismiss and reply, *see* Dkt. 5-1 at 11–16; Dkt. 15 at 2–7.  Bryant has alleged no facts plausibly suggesting that Taylor "lied" to her, nor has she articulated any other theory through which discriminatory intent could be inferred.  The Court will **DENY** Bryant's motion for leave to file an amended complaint.[2]

---

[2] Taylor opposes the proposed amendment to the complaint on grounds of futility, but initially consented to a more limited amendment that would substitute the correct defendant.  Dkt. 16 at 1 & n.1.  Even if Bryant made only the narrower amendment the parties discussed, however, the complaint would still fail to state a claim for the reasons described above.

## CONCLUSION

The Court will grant Taylor's motion to dismiss (Dkt. 5) and deny Bryant's motion for leave to amend (Dkt. 10).  The Court will, accordingly, dismiss the action.

A separate order will issue.

  /s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  March 27, 2017